# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS

## UNITED STATES

v.

## Shane E. REESE
## Aviation Maintenance Technician First Class (E-6), U.S. Coast Guard

### CGCMG 0324
### Docket No. 1422

### 20 July 2017

General Court-Martial convened by Commander, Fourteenth Coast Guard District. Tried at Honolulu, Hawaii, on 22-23 July and 13-20 November 2014.

| | |
|---|---|
| Military Judge: | CAPT Christine N. Cutter, USCG |
| Trial Counsel: | LCDR Robert M. Pirone, USCG |
| Assistant Trial Counsel: | LCDR Kelly A. Sawyer, USCG |
| Civilian Defense Counsel: | Mr. Timothy Bilecki, Esq. |
| Military Defense Counsel: | LT Brandon H. Sargent, JAGC, USN |
| Assistant Defense Counsel: | LT Timothy Ceder, JAGC, USN |
| Appellate Defense Counsel: | LT Philip A. Jones, USCGR |
| Appellate Government Counsel: | LT Tereza Z. Ohley, USCGR |

### BEFORE
### McCLELLAND, BRUCE & JUDGE
Appellate Military Judges

McCLELLAND, Chief Judge:

Appellant was tried by general court-martial, military judge alone. Pursuant to his pleas of guilty, Appellant was convicted of two specifications of false official statements, in violation of Article 107, Uniform Code of Military Justice (UCMJ); and four specifications of wrongful use, possession, or distribution of marijuana, in violation of Article 112a, UCMJ. Contrary to his pleas, Appellant was convicted of one additional specification of false official statement, in violation of Article 107; one specification of sexual abuse of a child, in violation of Article 120b, UCMJ; and one specification of making a certain statement to a four-year-old child, such conduct being of a nature to bring discredit upon the armed forces, in violation of Article 134,

UCMJ.  The military judge sentenced Appellant to confinement for five years, reduction to E-1, and a dishonorable discharge.  The Convening Authority approved the sentence.

On 22 August 2016, this Court affirmed the findings of guilty and the sentence.  On 14 June 2017, the Court of Appeals for the Armed Forces reversed our decision, set aside the findings of guilty of the specifications of sexual abuse of a child and making a certain statement to a four-year-old child in violation of Article 134 and dismissed those two specifications, and remanded the case for sentence reassessment or sentence rehearing.

We proceed to consider sentence reassessment.

When conviction of one or more offenses is set aside, a court of criminal appeals may reassess a sentence when it "can determine to its satisfaction that, absent any error, the sentence adjudged would have been of at least a certain severity"; "a sentence of that severity or less will be free of the prejudicial effects of error . . . ." *United States v. Winckelmann*, 73 M.J. 11, 15 (C.A.A.F. 2013) (quoting *United States v. Sales,* 22 M.J. 305, 308 (C.M.A. 1986)).  "[T]he *Sales* analysis is based on the totality of the circumstances presented." *Id.*  Some factors to be considered when determining whether to reassess or order a rehearing include (1) dramatic changes in the penalty landscape; (2) whether the trial was by members or military judge alone; (3) the relationship of the remaining offenses to the original offenses and whether aggravating circumstances remain admissible; and (4) whether the remaining offenses are of the type that this Court has the experience and familiarity with to reliably determine what sentence would have been imposed at trial. *Id.* at 15-16.

In this case, we have a dramatic change to the sentencing landscape.  However, the remaining offenses, four specifications involving marijuana and three specifications of false official statements to a Coast Guard Investigative Service (CGIS) special agent, are of a very familiar type.  They are not at all related to the dismissed specifications, with the exception of one of the false official statement specifications. [1]  In our view, none of the aggravating circumstances pertaining to the dismissed specifications is relevant to the remaining offenses.

---

[1] The false official statement specification relating to the dismissed specifications adds little or nothing to the sentencing landscape, in our view; it merely constitutes an additional instance of lying to CGIS.

**United States v. Shane E. REESE, No. 1422 (C.G.Ct.Crim.App. 2017)**

As a result of this lack of relationship between the remaining specifications and the dismissed specifications, it is relatively simple to disregard the latter and consider what sentence would have been adjudged at trial in the absence of the dismissed specifications. And the trial was by judge alone, giving us considerable confidence in our ability to determine what the sentence would have been.[2]

Based on the totality of the circumstances, we conclude that we may reassess the sentence in this case. We are certain that the sentence in the absence of the dismissed specifications would have been not less than confinement for three months, reduction to E-1, and a bad-conduct discharge.

### Decision

We have reviewed the record in accordance with Article 66, UCMJ. Upon such review, the findings of guilty of Charges I and II and their specifications are reaffirmed. A sentence providing for confinement for three months, reduction to E-1, and a bad-conduct discharge is affirmed.

Judges BRUCE and JUDGE concur.



For the Court,

Shelia R. O'Reilly
Clerk of the Court

---

[2] The trial judge has retired.